■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL KEELING, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dufficy, J.), rendered April 18, 1985, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the prosecution failed to prove his guilt. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the conviction. The record discloses that the defendant gave a white paper packet to an accomplice who in turn sold it to Officer Ayala. The packet was later found to contain narcotics. In addition, when the defendant was arrested the prerecorded "buy" money was in his possession.

The defendant also maintains that Officer Ayala's testimony, which allegedly contradicted her partner's testimony, was incredible and should not have been believed by the jury. However, resolution of issues of credibility as well as the weight to be accorded to the evidence presented are primarily questions to be determined by the jury which saw and heard

the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant also contends that counsel's mere mention of a conversation on cross-examination did not justify the prosecutor's exploration of the substance of the conversation on redirect examination. The "opening the door" theory does not afford a party the opportunity to place evidence before the jury on redirect examination that should have been brought out on direct examination *(see, People v Melendez,* 55 NY2d 445, 452). A party may introduce the entirety of a statement on redirect examination only where necessary to explain or clarify those parts of the statement brought out on cross-examination *(see, People v Melendez, supra; People v Johnson,* 114 AD2d 210, 214). Applying the foregoing principles to the case at bar, we conclude that the trial court's admission of the subject conversation was improper. Nevertheless, in view of the overwhelming proof of the defendant's guilt the admission of this testimony was harmless *(see, People v Crimmins,* 36 NY2d 230).

Lastly, we conclude that the defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80). Kunzeman, J. P., Rubin, Eiber and Sullivan, JJ., concur.