■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANTIAGO FERRER, Appellant. [613 NYS2d 865] —Judgment, Supreme Court, Bronx County (William Wallace, J.), rendered July 8, 1991, convicting defendant after a jury trial, of kidnapping in the first degree, and sentencing him as a second felony offender to a term of 25 years to life, unanimously modified, as a matter of discretion in the interest of justice to the extent of reducing the sentence to a term of 15 years to life, and otherwise affirmed.

Defendant and his companions kidnapped the victim, mistaking him for another, and held him for a period of 2 days, while demanding payment of a ransom by the victim's family. During the kidnapping, the perpetrators, but principally the defendant, repeatedly kicked, beat, and burned with cigarettes, the victim. Eventually, a phone tap led police to the pay phone used by the kidnappers. A surveillance team observed defendant and others using that phone; a surveillance photo which was introduced into evidence depicted the defendant. When some of the perpetrators, but not the defendant, drove away with the victim, they were apprehended. The victim quickly and positively identified defendant in a photo array, and on the day of defendant's arrest, positively identified him in a lineup. Under the standards set forth in *People v Chipp* (75 NY2d 327, 335, *cert denied* 498 US 833), we agree with the hearing court that the identification procedures were not unduly suggestive. Knowledge by a complainant that the suspect is in a lineup does not, of itself, taint the lineup *(see, People v Ramos,* 170 AD2d 186, *lv denied* 78 NY2d 1014).

Viewing the evidence in the light most favorable to the People, and giving due deference to the jurors' findings on credibility, under the standards set forth in *People v Bleakley*

(69 NY2d 490, 495), defendant's guilt was proved beyond a reasonable doubt by overwhelming evidence, and the verdict was not against the weight of that evidence.

We find the sentence excessive to the extent indicated. We have considered defendant's remaining contentions and find they do not warrant any other modification of the judgment. Concur—Carro, J. P., Wallach, Ross, Rubin and Tom, JJ.