THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMI AHMAD, Appellant. [639 NYS2d 113]

The defendant correctly contends that the prosecutor's cross-examination violated his Sixth Amendment right of confrontation by using a confession by a nontestifying codefendant, who was tried separately. While the prosecutor did not attempt to introduce the entire confession into evidence, he repeatedly referred to and read from the statement, including portions which implicated the defendant. Those extensive references, the prosecutor's comments during summation, and the absence of a proper limiting instruction from the court invited the jury to consider the codefendant's confession for the truth of its contents as substantive evidence of the defendant's guilt *(see, People v Brensic,* 70 NY2d 9, 19-20; *People v Young,* 70 NY2d 9, 24-25; *see also, Douglas v Alabama,* 380 US 415). The People did not demonstrate that the confession fell within any exception to the hearsay rule and the use of this hearsay evidence deprived the defendant of his rights under the Confrontation Clause *(see, Lee v Illinois,* 476 US 530; *Cruz v New York,* 481 US 186; *Bruton v United States,* 391 US 123). The fact that the defendant's own statement was admitted into evidence did not validate the erroneous introduction of portions of the codefendant's confession *(see, Cruz v New York, supra).*

To the extent that the People now contend that the codefen-

dant's statement was admissible as a declaration against penal interest, we note that that argument was not advanced in the County Court as the defendant's objections to the use of his codefendant's statement were overruled. Therefore, the defendant had no opportunity to challenge the reliability of the confession *(see, People v Young, supra,* at 22-23; *People v Cruz,* 70 NY2d 733, 735; *see also, People v Thomas,* 68 NY2d 194, *cert denied* 480 US 948). Further, several portions of the statement relied on were not self-inculpatory, but directly implicated the defendant *(see, People v Thomas, supra,* at 198; *People v Geoghegan,* 51 NY2d 45). The People's remaining contention as to this issue is without merit.

In this case, where the victim did not testify and the defendant contested the accuracy of his own statement as transcribed by the police, we cannot conclude that the error was harmless beyond a reasonable doubt *(see, People v Eastman,* 85 NY2d 265; *People v Hamlin,* 71 NY2d 750, 759-760).

In light of the foregoing determination, we do not address the defendant's remaining contentions. O'Brien, J. P., Santucci, Altman and Goldstein, JJ., concur.