■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLYN DELANCES, Appellant. [692 NYS2d 372] —Judgment, Supreme Court, New York County (Antonio Brandveen, J.),

rendered October 3, 1996, convicting defendant, after a jury trial, of four counts of kidnapping in the second degree, twelve counts of robbery in the first degree, four counts of robbery in the second degree, one count of burglary in the first degree, two counts of criminal possession of a weapon in the third degree and two counts of criminal use of a firearm in the first degree, and sentencing him to an aggregate term of 14 to 42 years, unanimously affirmed.

Defendant's motion to suppress identification testimony was properly denied. Contrary to defendant's contention, the People clearly established the reasonableness of the police conduct and the lack of any undue suggestiveness in the prompt on-the-scene showup procedure (*People v Ortiz*, 90 NY2d 533; *People v Duuvon*, 77 NY2d 541; *People v Chipp*, 75 NY2d 327, *cert denied* 498 US 833). The circumstances of the identification were sufficiently established through the testimony of a sergeant who stated that in addition to receiving assistance from bilingual individuals in communicating with the victims, he relied on the victims' nonverbal communications as well, which clearly identified defendant as one of the individuals who had robbed them. The showup was not rendered unduly suggestive by the fact that it was conducted before a group of victims, while defendant was in handcuffs and accompanied by uniformed officers (*People v Duuvon, supra*; *People v Love*, 57 NY2d 1023). The record establishes that each witness made a spontaneous identification. In light of the foregoing, the court properly exercised its discretion in denying defendant's request to have the complainants testify at the hearing (*People v Chipp*, *supra*).

We have considered and rejected defendant's remaining claims. Concur—Nardelli, J. P., Williams, Tom, Lerner and Friedman, JJ.