**Robert Vinson DAVIS, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 98–CF–273.**

District of Columbia Court of Appeals.

Argued Feb. 13, 2001.

Decided May 6, 2004.

Richard K. Gilbert, Washington, appointed by the court, for appellant.

Thomas J. Tourish, Jr., Assistant United States Attorney, with whom Wilma A. Lewis, United States Attorney at the time the brief was filed, John R. Fisher, William M. Sullivan, and Jelahn Stewart, Assistant United States Attorneys, were on the brief, for appellee.

Before TERRY and RUIZ, Associate Judges, and KING, Senior Judge.

KING, Senior Judge:

Robert V. Davis appeals from a conviction for perjury[1] arising out of his sworn testimony, given under a grant of immunity, at the murder trial of Angelo Daniels. In contradiction to statements made by Davis prior to the trial in which he directly implicated Daniels in the murder, Davis testified at Daniels's trial that another man, Jermaine Morgan, was the other perpetrator of the murder of Benjamin Holley.

Davis contends the trial court erred when it admitted Daniels's confession as a statement against penal interest because: (1) Daniels should not have been deemed "unavailable" since the government could have granted him immunity, and (2) Daniels's statement lacked sufficient particu-

---

1. D.C.Code § 22–2511 (1996 Repl.).

larized guarantees of trustworthiness to overcome Davis's Sixth Amendment right of confrontation. Finding that the admission of the confession, a testimonial statement, without cross-examination was error under the Supreme Court's recent decision in *Crawford v. Washington,* —— U.S. ——, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), and not harmless beyond a reasonable doubt, we reverse the conviction and remand to the trial court for further proceedings.

## I. Facts

### A. Factual Background

Davis, Daniels, and James Campbell were indicted on murder and related charges arising out of the November 25, 1994, shooting death of Holley. Both Davis and Daniels were interviewed separately by detectives of the Metropolitan Police Department, and each confessed to his own involvement in the killing. Each of the men told police that he and an accomplice had encountered Holley on the street and then gunned him down while a third man waited in a nearby vehicle. Davis and Daniels each admitted to the police that he had fired at Holley, and both men stated that the two weapons used in the murder were a nine-millimeter and an AK-47.

Davis identified Daniels as the second shooter, who had used the AK-47 rifle, and named James Campbell as the person who waited in the vehicle.[2] Daniels, on the other hand, admitted his own participation, including his use of the AK-47 and the fact that one accomplice participated in the

shooting while another waited in the car, but he refused to name the other shooter. Daniels added that he never intended to shoot Holley, but he claimed that Holley ran toward him and he only fired in reaction to the situation.

Prior to his own murder trial, which had been severed from the other two defendants' trial, Davis testified under oath at a hearing on a motion to suppress his confession that the statement he had given to the detectives, naming Daniels as the second shooter, was the truth. On December 1, 1995, Davis was convicted of second-degree murder while armed and related weapons offenses.[3]

### B. Facts of Perjury Charge

Afterwards, at the April 1996 murder trial of Daniels and Campbell, the government compelled Davis's testimony after granting him immunity. In that testimony, Davis admitted his own involvement in the murder, but he testified that Daniels had not been involved in the shooting because Daniels had remained in the car. Davis instead asserted that the other shooter, who wielded the AK-47, was Jermaine Morgan.[4]

Davis was subsequently charged and tried for perjury based on the inconsistencies between his testimony at trial of Daniels and Campbell, and his earlier confession. The indictment charged Davis with committing perjury when he testified that Morgan, not Daniels, had participated in the murder as one of the shooters. Over Davis's objection, the trial court permitted

2. Campbell was not involved in the shooting, but served as the "getaway" driver.

3. That conviction was affirmed in *Davis v. United States,* 724 A.2d 1163 (D.C.1998), *cert. denied,* 528 U.S. 1082, 120 S.Ct. 805, 145 L.Ed.2d 678 (2000).

4. Daniels and Campbell were both convicted of first-degree murder. Their convictions were affirmed in *Daniels v. United States,* 738 A.2d 240 (D.C.1999). The record does not indicate that the jury in the perjury trial was informed that Daniels had been convicted notwithstanding Davis's testimony that he did not participate in the murder.

the government to present his own confession, his testimony from the motion hearing conducted prior to his murder trial, and Daniels's confession to the police. Daniels exercised his Fifth Amendment right and refused to testify in Davis's perjury trial.

The only issue in this appeal is the admissibility of Daniels's confession at Davis's perjury trial, in which Daniels admitted firing the AK–47 at Holley and discussed the presence of unnamed accomplices. Daniels's statement was presented at Davis's perjury trial by the government to show that Daniels *did* participate as one of the shooters, in contrast to Davis's testimony at Daniels's trial that the second shooter was Morgan, not Daniels.

## II. Admission of Daniels's Confession

■ Davis argues that Daniels's statement was inadmissible under both the rules of evidence and the Confrontation Clause of the Sixth Amendment based in large part on the Supreme Court's decision in *Lilly v. Virginia*, 527 U.S. 116, 126–27, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999) (plurality opinion) (establishing the standard for admissibility of statements against penal interest under the Confrontation Clause); *see also Doret v. United States*, 765 A.2d 47, 63 (D.C.2000)("This court's approach to the admissibility of declarations against penal interest, under evidentiary hearsay law, is consistent with that of the Supreme Court, recently reiterated in *Lilly* . . . .").

■ We conclude, based on the Supreme Court's recent decision in *Crawford*, *supra*, that Daniels's confession should not have been admitted in Davis's perjury trial. *Crawford* holds that the Sixth Amendment Confrontation Clause specifically bars testimonial statements of a witness not subject to cross-examination. *Id.,* —— U.S. at ——, 124 S.Ct. at 1374. Like the

statement in *Crawford,* Daniels's statement was taken during a police interrogation. *See id.* at 1357. The Court included police interrogations within its definition of "testimonial" statements. *Id.* at 1374. Although *Crawford* was decided after Davis's perjury trial, "all newly declared rules of law must be applied retroactively to all criminal cases pending on direct review or not yet final . . . ." *Davis v. Moore,* 772 A.2d 204, 226 (D.C.2001) (en banc). Because Daniels's confession, which under *Crawford* was a "testimonial" statement, was not subject to cross-examination, its admission in Davis's perjury trial violated his Sixth Amendment rights.

## III. Error

Because Davis's constitutional rights are affected, our analysis turns to whether the trial court's error was harmless beyond a reasonable doubt. *See Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). *See also Harris v. United States,* 834 A.2d 106, 127 (D.C. 2003) (excluding witness's testimony was not harmless beyond a reasonable doubt because it would have been the only evidence corroborating appellant's testimony); *Tindle v. United States,* 778 A.2d 1077, 1084 (D.C.2001) (admitting audiotaped statement was not harmless beyond a reasonable doubt because the other evidence was not overwhelming).

■ In this case, Daniels's confession, in which he admitted committing the murder armed with the AK–47, is the only evidence, apart from Davis's statement to the police, which directly refutes Davis's testimony at Daniels's trial that the second gunman was Morgan, not Daniels. Had it been properly excluded, the jury would have been left to consider Davis's two conflicting statements: (1) the statement to the police that Daniels was the second shooter, using the AK–47, and (2) the

statement at Daniels's trial that Morgan was the second shooter, using the AK–47. Although there was testimony that the bullet casings found at the scene came from the same AK–47 recovered from a building in which Daniels was arrested at the time the weapon was seized, the arrest and seizure occurred six weeks after the homicide at a row house in the District of Columbia never identified as Daniels's residence. Moreover, although Daniels and Campbell were in the building at the time, they were not in the room where the police found the weapon. Thus the connection between Daniels and the AK–47 is tenuous at best.

On balance we think the evidence heard by the jury was not sufficiently weighty that we can confidently say that, without Daniels's confession, the jury would have reached the same result. *See Akins v. United States,* 679 A.2d 1017, 1032 (D.C. 1996) (admitting out-of-court statements by non-testifying conspirators was not harmless beyond a reasonable doubt because the court did not have the "requisite degree of assurance" that the verdict was unaffected by the statements). For these reasons, we conclude that the error in admitting the Daniels statement was not harmless error beyond a reasonable doubt. Accordingly, the judgment of conviction is

*Reversed.*