■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VLADIMIR NUNEZ, Appellant. [776 NYS2d 551]—

Judgment, Supreme Court, New York County (William A. Wetzel, J., at hearing; Rosalyn Richter, J., at jury trial and sentence), rendered July 8, 2002, convicting defendant of robbery in the first and second degrees and criminal possession of a weapon in the second and third degrees, and sentencing him to an aggregate term of eight years, unanimously affirmed.

The hearing court properly exercised its discretion in denying defendant's motion to reopen the suppression hearing. The record supports the court's finding that defendant did not base the motion on pertinent facts which he could not have discovered with reasonable diligence before the determination of the original suppression motion (CPL 710.40 [4]). Further, the new evidence would have shed no new light on the issue before the hearing court, which was whether defendant's warrantless arrest violated *Payton v New York* (445 US 573 [1980]). In any event, even if the court had found a *Payton* violation, there would have been no benefit to defendant, since the alleged fruits of that violation constituted a lineup, which was not suppressible on *Payton* grounds (*People v Jones*, 2 NY3d 235 [2004]), and an exculpatory statement that added nothing to the People's case.

The trial court accorded defendant appropriate latitude in which to develop the circumstances of the arrest and impeach the arresting officer's credibility. The court properly exercised its discretion in placing reasonable restrictions on defendant's cross-examination of the officer as to matters that were irrelevant to any issue to be considered by the jury (*see People v George*, 197 AD2d 588 [1993], *lv denied* 82 NY2d 925 [1994]). To the extent that defendant is raising a constitutional claim, such claim is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court did not deprive defendant of his right to confront witnesses and present a defense (*see Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]).

Limited evidence that the police took certain investigatory steps after speaking to two testifying witnesses was properly admitted, with suitable limiting instructions, as background ev-

idence to complete the narrative of events leading up to defendant's arrest and to explain police actions (*see e.g. People v Nieves*, 294 AD2d 152 [2002], *lv denied* 98 NY2d 700 [2002]). Defendant's constitutional argument is unpreserved and unavailing, because the Confrontation Clause does not bar prior statements of declarants who appear for cross-examination at trial, or statements admitted for purposes other than establishing the truth of the matter asserted (*Crawford v Washington*, 541 US —, — n 9, 124 S Ct 1354, 1369 n 9 [2004]). Concur—Nardelli, J.P., Saxe, Williams and Friedman, JJ.