■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE WOODS, Appellant. [779 NYS2d 494]—

Judgment, Supreme Court, Bronx County (Caesar Cirigliano, J.), rendered June 16, 2002, convicting defendant, after a jury trial, of assault in the third degree and sentencing him to a term of one year, unanimously reversed, on the law and as a matter of discretion in the interest of justice, the judgment vacated, and the indictment dismissed, without prejudice to further proceedings.

Defendant was convicted, after a jury trial, of assault in the third degree, a misdemeanor, for his role in the robbery of the complainant at knifepoint by four men, including Calvin Rivers and Robert Hopkins, acting in concert on January 7, 2001 at 542 Morris Avenue in the Bronx. Defendant was sentenced to a term of one year, which he has served.

Calvin Rivers pleaded guilty to robbery in the first degree, the top count in full satisfaction of the indictment, and was sentenced to five years in prison. Robert Hopkins, who was tried jointly with defendant, was convicted of robbery in the second degree and criminal possession of stolen property in the third degree, and sentenced to nine years in prison.

In his plea allocution, Rivers admitted, in summary, that after defendant punched the complainant, Rivers held a knife to him while Hopkins took cash and keys from his pocket. Rivers having invoked his Fifth Amendment right not to testify, his allocution, with defendant's and Hopkins's names changed to "A" and "B," was read to the jury, over the objections of defense counsel.

In light of the United States Supreme Court's recent decision in *Crawford v Washington* (541 US —, 124 S Ct 1354 [2004]), we find, as a matter of discretion in the interest of justice, that the admission into evidence of Rivers's plea allocution violated defendant's Sixth Amendment right "to be confronted with the witnesses against him." The Supreme Court held in *Crawford* that the Confrontation Clause of the Sixth Amendment bars the use, to establish the truth of the matter stated, of testimonial hearsay by a declarant who does not appear at a trial against the accused in a criminal prosecution unless the declarant is unavailable to testify and the defendant had a prior opportunity for cross-examination (541 US at —, 124 S Ct at 1374). The

Court specifically included plea allocutions among the "core testimonial statements that the Confrontation Clause plainly meant to exclude" (541 US at —, 124 S Ct at 1371).

We find further that the admission of the allocution was not harmless error beyond a reasonable doubt (*see People v Kello*, 96 NY2d 740, 743 [2001]).

As the prosecutor told the jury in summation, Rivers's plea allocution was "extremely important" evidence because it corroborated the complainant's testimony, his ability to see the events and relate them accurately to the jury, and his identification of defendant as one of the individuals involved. The court, in its charge, also instructed the jury that it could consider the allocution in evaluating the complainant's credibility, and his ability to observe, reason and remember the persons and events about which he testified.

The complainant's testimony having been hopelessly confused as to whether defendant was the man in the leather jacket who punched him or the man in silver denim who brandished the knife, it was critical to the People's case that his credibility as a witness be established. Ultimately the complainant testified that when he saw the photographs of defendants on the prosecutor's desk at lunchtime he realized he had been mistaken in thinking that defendant was the one with the knife and that when he was shown the Rivers lineup photographs on the witness stand his recollection was refreshed that it was Rivers who held the knife and defendant who hit him. In addition, defendant's statement to the police was in evidence, although it lacked detail as to the circumstances under which defendant hit the complainant. Nevertheless, it is plain that the admission of Rivers's plea allocution significantly strengthened the People's case and we are not prepared to hold that it is beyond a reasonable doubt that defendant would have been found guilty without it.

Because defendant was convicted of the lesser included misdemeanor offense not charged in the indictment, the indictment must be dismissed, without prejudice to the People's institution of such proceedings as they deem appropriate with respect to that offense (*People v Mayo*, 48 NY2d 245, 253 [1979]).

We must address briefly the lunchtime incident in which the prosecutor took the complainant to her office where he was able to see photographs of defendant, Rivers and Hopkins. The court denied defense counsel's motion for a mistrial on the ground of prosecutorial misconduct, holding that the complainant's viewing of the photographs was not the result of a deliberate act on the prosecutor's part. However, as the Supreme Court has noted,

"the truth-seeking function of the trial can be impeded in ways other than unethical 'coaching' " (*Perry v Leeke*, 488 US 272, 282 [1989]).

Even assuming no deceit on the part of the prosecutor, the complainant's viewing in midtestimony of photographs of defendants, whose identification he had confused, granted him "an opportunity to regroup and regain a poise and sense of strategy that the unaided witness would not possess" (*id.*). It was incumbent upon the prosecutor to ascertain before inviting the complainant into her office that there was nothing on her desk or anywhere else in the office to which it would be improper for him to be exposed. Concur—Tom, J.P., Saxe, Ellerin and Lerner, JJ. [*See* 191 Misc 2d 453.]