■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS EDUARDO BUENOS RUIS, Also Known as JORGE RODRIGUEZ, Appellant. [784 NYS2d 558]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Reichbach, J.), rendered October 15, 2002, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, imposing sentence.

Ordered that the judgment is affirmed.

Although it is a violation of the Confrontation Clause for a prosecutor to elicit testimony which implies that a non-testifying witness identified the defendant as the perpetrator of a crime (*see Mason v Scully,* 16 F3d 38, 42-43 [1994]), " '[t]he [Confrontation] Clause . . . does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted' " (*People v Reynoso,* 2 NY3d 820, 821 [2004], quoting *Crawford v Washington,* 541 US 36, n 9 [2004]). Here, the investigating officer was permitted to testify that after speaking with an eyewitness who did not testify at trial and obtaining from the eyewitness a photograph of the defendant, the officer investigated further and the defen-

dant subsequently was apprehended in Costa Rica. This testimony was properly admitted for the purpose of explaining the sequence of events leading to the defendant's apprehension (*see People v Perez,* 9 AD3d 376 [2004]; *People v Spencer,* 212 AD2d 645 [1995]). In any event, the evidence of the defendant's guilt, including the identification of the defendant at trial by four eyewitnesses, was overwhelming, making any resulting error harmless (*see People v Latta,* 295 AD2d 449 [2002]; *People v Elliott,* 256 AD2d 418 [1998]).

Under the facts of this case, the sentence was neither illegal nor excessive.

The defendant's remaining contention is without merit. Santucci, J.P., Adams, Mastro and Spolzino, JJ., concur.