■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT HOPKINS, Appellant. [788 NYS2d 34]—

Judgment, Supreme Court, Bronx County (Efrain Alvarado, J., at reopened *Wade* hearing; Caesar Cirigliano, J., at jury trial and sentence), rendered August 5, 2002, convicting defendant of robbery in the second degree and criminal possession of stolen

property in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 9 years and 3½ to 7 years, respectively, to be followed by 5 years of postrelease supervision, unanimously affirmed.

Defendant Robert Hopkins was convicted, after a jury trial, of robbery in the second degree and criminal possession of stolen property in the third degree, for his role in the robbery of the complainant at knifepoint by four men acting in concert, including Calvin Rivers and Clarence Woods. Rivers pleaded guilty to robbery in the first degree, admitting, in summary, that after Woods punched the complainant, Rivers held a knife to him while defendant Hopkins took cash and keys from his pocket. Portions of Rivers's plea allocution were read to the jury at the joint trial of defendant and Woods, after which defendant was convicted as noted and Woods was convicted of assault in the third degree and sentenced to a term of one year. This Court reversed Woods's conviction, holding that the admission into evidence of Rivers's plea allocution violated Woods's Sixth Amendment right to be confronted by the witnesses against him and that the admission of the allocution was not harmless error beyond a reasonable doubt (*People v Woods*, 9 AD3d 293 [2004], citing *Crawford v Washington*, 541 US 36 [2004], and *People v Kello*, 96 NY2d 740, 743 [2001]).

Defendant argues that he too was prejudiced by the admission of Rivers's plea allocution. However, while the complainant's testimony was "hopelessly confused" as to whether Woods was the man in the leather jacket who punched him, or the man wearing silver denim who held the knife (*Woods, supra* at 295), it was utterly consistent as to defendant's identity and role in the robbery. The complainant identified defendant as the man with the red bandana, with whom he had two brief exchanges concerning the woman he was meeting in the building, and whose only role in the ensuing robbery was to squat over the complainant after he had been thrown down the stairs, and demand and take his money. In addition, defendant was arrested while driving the complainant's car. Thus, while Rivers's plea allocution so "significantly strengthened" the case against Woods as to preclude a determination that its admission was harmless error (*id.*), it did not have a significant impact on the case against defendant. We conclude that it is beyond a reasonable doubt that defendant would have been found guilty without the admission of the allocution.

For the same reason, defendant's contention that the complainant's viewing of the photographs requires the reversal of his conviction is unavailing (*see id.* at 295-296).

Defendant's motion to suppress was properly denied (*see People v Rodriguez*, 64 NY2d 738, 740 [1984]; *People v Ferrer*, 205 AD2d 305, 305 [1994], *lv denied* 84 NY2d 825 [1994]). Concur—Tom, J.P., Ellerin, Williams, Lerner and Catterson, JJ.