[790 NYS2d 723]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT RYAN, Appellant.

Third Department, March 3, 2005

### APPEARANCES OF COUNSEL

*Marshall Nadan*, Kingston, for appellant.

*Donald A. Williams, District Attorney*, Kingston (*Joan Gudes-blatt Lamb* of counsel), for respondent.

### OPINION OF THE COURT

CARDONA, P.J.

During an evening in November 1999, two masked men entered a restaurant in the Town of Ulster, Ulster County, and stole money from two cash registers after striking and tying up the manager. The pair then drove off in the manager's car. Following an investigation, the police arrested a former employee of the restaurant, Justo Rolon, who admitted his involvement as a look-out. Subsequently, Malik Haskins and defendant were

identified as the two masked individuals who entered the establishment.

Consequently, Rolon, Haskins and defendant were indicted and charged with the crimes of robbery in the first degree (two counts), robbery in the second degree (three counts), assault in the second degree and unauthorized use of a motor vehicle in the first degree. Rolon and Haskins pleaded guilty and, following a jury trial, defendant was found guilty as charged. Defendant was thereafter sentenced to an aggregate prison term of 12½ years. He now appeals from the judgment of conviction and, by permission, from the order denying his subsequent motion to vacate the judgment of conviction pursuant to CPL 440.10.

We primarily address defendant's claims concerning the admission of certain evidence at trial. Specifically, defendant contends that the contents of incriminating statements made to law enforcement by Rolon and Haskins were admitted into evidence in violation of the prohibition against hearsay and in contravention of defendant's rights under the Confrontation Clause (*see* US Const 6th Amend). The statements at issue were admitted during the People's redirect examination of the interrogating officer, Ulster Police Detective John Sheeley, and, as is relevant here, they essentially recounted the perpetration of the crime, from planning through fruition, by Haskins, Rolon and defendant. For reasons to be explained in detail below, we conclude that the statements of defendant's alleged accomplices were introduced in violation of defendant's 6th Amendment rights (*see Crawford v Washington*, 541 US 36 [2004]) and, accordingly, remit for a new trial.

In *Crawford v Washington* (*supra*), the US Supreme Court held that, in criminal cases, the Confrontation Clause prohibits the prosecution's introduction of an out-of-court statement against a defendant if four conditions are present: (1) the statement is "testimonial" in nature; (2) it was made by a declarant who is unavailable to testify at trial; (3) the defendant has had no prior opportunity to cross-examine said declarant; and (4) the statement is offered for the truth of the matter asserted therein (*id.*; *see People v Woods*, 9 AD3d 293, 294 [2004]).[1] Although the *Crawford* court categorically refrained from

---

1. Although *Crawford* was decided during the pendency of the instant appeal, we conclude that, to the extent that *Crawford* enunciated "a new rule for the conduct of criminal prosecutions," it applies "retroactively to all cases, state or federal, pending on direct review or not yet final" (*Griffith v Ken-*

comprehensively defining the term "testimonial" (*Crawford v Washington, supra* at 68), there can be little doubt that "[s]tatements taken by police officers in the course of interrogations"—like the statements of Haskins and Rolon to Sheeley here—fall within the ambit of "testimonial" proof (*id.* at 52; *see People v Cortes*, 4 Misc 3d 575, 577 [2004]; *see also State v Cutlip*, 2004 WL 895980, 2004 Ohio App LEXIS 1848 [Apr. 28, 2004]). Moreover, insofar as both Haskins and Rolon invoked their 5th Amendment privilege against self-incrimination when called to testify on defendant's direct case, these declarants were "unavailable" within the meaning of *Crawford* (*see People v Savinon*, 100 NY2d 192, 198 [2003]; *People v Settles*, 46 NY2d 154, 167 [1978]; *People v Brown*, 26 NY2d 88, 93-94 [1970]; *People v Woods, supra* at 294; *see also United States v Wilmore*, 381 F3d 868, 872 [2004]; *State v Cutlip*, 2004 WL 895980, \*3, 2004 Ohio App LEXIS 1848, \*8, *supra*). Furthermore, there being no claim that defendant had a prior opportunity to cross-examine either Haskins or Rolon, the admissibility of the accomplice statements hinges upon a determination of whether the statements were admitted for their truth or for some other purpose (*see People v Reynoso*, 2 NY3d 820, 821 [2004]).

In the context of a purported *Crawford* violation, it has been repeatedly held that "the Confrontation Clause 'does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted' " (*People v Newland*, 6 AD3d 330, 331 [2004], *lv denied* 3 NY3d 679 [2004], quoting *Crawford v Washington, supra* at 60 n 9; *see People v Reynoso, supra* at 821; *People v Ruis*, 11 AD3d 714 [2004]; *People v Nunez*, 7 AD3d 298, 300 [2004], *lv denied* 3 NY3d 679 [2004]; *see also Tennessee v Street*, 471 US 409, 414 [1985]). To this end, the People claim that, inasmuch as defendant "opened the door" to the introduction of the statements at issue during his cross-examination of Sheeley, the statements were not introduced for their truth but, rather, admitted to elaborate on matters incompletely or misleadingly touched upon by defendant. We find the People's claim in this regard unpersuasive.

Initially, the record reflects that the statements were presented to the jury for the truth of the content therein. In sum-

*tucky,* 479 US 314, 328 [1987]; *see People v Cook*, 352 Ill App 3d 108, 123, 815 NE2d 879, 892 [2004], *lv denied* 212 Ill 2d 539, 824 NE2d 286 [2004]; *People v McPherson*, 263 Mich App 124, 135 n 10, 687 NW2d 370, 377 n 10 [2004]; *People v Pirwani*, 119 Cal App 4th 770, 781 n 5, 14 Cal Rptr 3d 673, 680 n 5 [2004]; *Davis v United States*, 848 A2d 596, 599 [DC 2004]).

mation, the People twice emphasized the importance of the statements as substantive evidence of defendant's guilt and County Court's jury instruction left little doubt that the statements, if corroborated (see CPL 60.22), could be considered by the jury as affirmative proof of defendant's guilt. Moreover, the record does not support the People's claim that defendant opened the door to introduction of the statements during his cross-examination of Sheeley.

On direct examination by the People, Sheeley indicated that the search of the premises where defendant had been arrested was predicated upon locating a handgun allegedly involved in the incident.[2] In addition, he testified that defendant denied the presence of such a gun at the time of his arrest. Later, during cross-examination of Sheeley, defendant sought to highlight the failure of the police to recover the handgun, essentially impugning the efficacy of the police investigation. Towards that end, defendant asked Sheeley whether any of the individuals who had been arrested in connection with the crime had ever admitted to the use of a gun at the scene. After Sheeley responded that Rolon and Haskins had expressed uncertainty as to whether a gun had been used, defendant turned his attention to other matters and did not inquire again as to Sheeley's discussions with defendant's purported accomplices. On redirect examination, however, the People asked Sheeley an open-ended question concerning Sheeley's discussions with Rolon and Haskins. In response, Sheeley proceeded to testify at length concerning what he had been told by Rolon and Haskins, explicitly detailing, among other things, their respective accounts of defendant's role in the crime.[3] Subsequently, the audiotaped confessions of Rolon and Haskins were also introduced into evidence, over defendant's objection.

Although a party on redirect examination has the right " 'to explain, clarify and fully elicit,' " those matters only " 'partially examined' " on cross-examination, such an exploration should be constrained to the actual subject matter of the cross-examination (People v Melendez, 55 NY2d 445, 451 [1982], quot-

---

**2.** We note that possession of a firearm was not an element of any crime charged in the indictment.

**3.** While we acknowledge that defendant's objections to this aspect of Sheeley's testimony were twice sustained by County Court, we note that these objections were brief interjections in the midst of Sheeley's otherwise uninterrupted testimony. Moreover, no testimony was stricken from the record and County Court provided no curative instruction in an attempt to minimize the prejudice to defendant.

ing *People v Regina*, 19 NY2d 65, 78 [1966]). Stated differently, "[b]y simply broaching a new issue on cross-examination, a party does not thereby run the risk that all evidence, no matter how remote or tangential to the subject matter opened up, will be brought out on redirect" (*People v Melendez, supra* at 452; *see People v Johnson*, 114 AD2d 210, 214 [1986]). Here, the relevant portion of defendant's cross-examination of Sheeley focused only on discrete statements made by Rolon and Haskins concerning the use of a gun during the robbery. Defendant's inquiry and Sheeley's responses thereto did not mislead the jury as to the substance of the accomplices' statements on this topic and, in fact, Sheeley's complete account of these conversations on cross-examination revealed information concerning defendant's prior possession of a handgun which essentially stunted defendant's line of questioning. Conversely, the People's inquiry on redirect made no attempt to clarify possible juror misconceptions concerning statements made by Haskins and Rolon on the topic of the handgun. Inasmuch as defendant's confined foray into the substance of Haskins' and Rolon's statements regarding a firearm did not open the door to the unfettered revelation of other aspects of these statements which did not explain or clarify that subject, we find the People's redirect in this regard to have been unjustified (*see People v Rivenburgh*, 1 AD3d 696, 700 [2003], *lv denied* 1 NY3d 579 [2003]; *see also People v McElveen*, 162 AD2d 626, 626-627 [1990], *lv denied* 76 NY2d 861 [1990]; *People v Keeling*, 141 AD2d 668, 669 [1988], *lv denied* 72 NY2d 1046 [1988]; *compare People v Massie*, 2 NY3d 179, 184-185 [2004]; *People v Greene*, 13 AD3d 991, 993 [2004]; *People v Conway*, 297 AD2d 398, 399-400 [2002], *lv denied* 99 NY2d 581 [2003]; *People v Donato*, 202 AD2d 1010, 1010 [1994], *lv denied* 83 NY2d 871 [1994]). Accordingly, since we conclude that these statements were admitted for their truth, we find that the statements were introduced in violation of defendant's confrontation rights (*see People v Woods*, 9 AD3d 293, 294 [2004], *supra*).

Error being established, we also conclude that there is a "reasonable possibility that the error might have contributed" to defendant's conviction (*People v Ayala*, 75 NY2d 422, 431 [1990]; *see People v Eastman*, 85 NY2d 265, 276 [1995]). In examining " 'the quantum and nature of the evidence against . . . defendant' " in the absence of the error, as well as the " 'the causal effect the error may nevertheless have had on the jury' " (*People v Baptiste*, 306 AD2d 562, 567 [2003], *lv denied* 1 NY3d 594

[2004], quoting *People v Simmons*, 75 NY2d 738, 739 [1989]), we note that the proof, though largely circumstantial, did include evidence of defendant's own inculpatory statements. However, defendant repudiated such statements in his trial testimony and the jury was instructed that it could only accept defendant's admissions if it found that they were voluntarily made. Under these circumstances, the statements of Rolon and Haskins, which mirrored those of defendant in crucial respects, had an "enormously damaging" two-fold effect of buttressing the reliability of defendant's own confession in the eyes of the jury while simultaneously providing additional substantive proof of his guilt (*Cruz v New York*, 481 US 186, 192 [1987]; *see People v Eastman, supra* at 276-277; *People v Ahmad*, 225 AD2d 629, 629 [1996]; *People v Latif*, 135 AD2d 736, 738 [1987]). In the absence of additional objective proof which independently corroborated defendant's inculpatory statements (*see People v Eastman, supra* at 277), and considering the importance ascribed to the statements of Rolon and Haskins by the People in summation (*see People v Woods, supra* at 295), we cannot conclude, beyond a reasonable doubt, that the erroneously admitted statements of defendant's purported accomplices did not influence the jury (*see People v Goldston*, 6 AD3d 736, 738 [2004]).

Although the need for a new trial renders the majority of defendant's remaining arguments academic, we find it necessary to comment on one final issue. Based on the record before us, we cannot conclude that County Court erred in denying defendant's motion to dismiss the indictment upon the ground that he was denied his statutory right to testify before the grand jury (*see* CPL 190.50 [5] [a]; *People v Brown*, 300 AD2d 918, 919 [2002], *lv denied* 100 NY2d 536 [2003]).

CREW III, SPAIN and CARPINELLO, JJ., concur.

Ordered that the judgment and order are reversed, on the law, and matter remitted to the County Court of Ulster County for a new trial.