■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALPHONZO DAVIS, Appellant. [805 NYS2d 435]—

Spain, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered May 29, 2003, upon a verdict convicting defendant of the crimes of murder in the second degree, attempted murder in the second degree and criminal possession of a weapon in the second degree.

Following a jury trial, defendant was convicted for the intentional murder of Shakira Chambers and attempted murder of Javon Morton in the south-end section of the City of Albany on June 3, 2001. The trial evidence, including defendant's confession, established that defendant and his friend, Sherrod Craft, dressed in hooded sweatshirts to conceal their faces and drove to that area armed with loaded guns intent upon retaliating for a murder earlier that day of one of their friends in Arbor Hill in the north area of the City. Upon their arrival, they opened fire on the unarmed victims, causing Chambers' death and injuries to Morton. While eyewitnesses were unable to

identify the shooters, in November 2001, defendant's friend was arrested on drug charges and gave a statement to police recounting that, the day after the shooting, defendant had admitted his involvement in the shootings. The following August, when questioned by detectives, defendant confessed to the shooting orally and in a signed written statement. The defense pursued the theory that the investigation had been inadequate and failed to eliminate other suspects, and that defendant's confession had been involuntary. Upon his conviction of murder in the second degree, attempted murder in the second degree and criminal possession of a weapon in the second degree, County Court sentenced defendant, as a second felony offender, to an aggregate prison term of 50 years.

Defendant now appeals primarily challenging County Court's ruling permitting the lead detective, Kenneth Wilcox, to relate statements made to him during the course of the investigation by a witness who did not testify at trial. Defendant argues that this ruling violated his Sixth Amendment right to confront witnesses (see *Crawford v Washington*, 541 US 36 [2004]) and, even if the testimony was admissible, it was unduly prejudicial. On direct examination, Wilcox detailed the course of the 14-month investigation, recounting that two weeks after the shooting he determined the motive for it and possible suspects after a witness reported that Craft had admitted his and defendant's role in the shooting during a conversation the day after it occurred. The court overruled defense counsel's hearsay objection, repeatedly instructing the jury that the statements were not offered to prove the truth of what the witness had said to Wilcox out of court and were not direct evidence but, rather, were admissible merely to recount the actions taken by law enforcement. On cross-examination, defense counsel focused on how other suspects had been eliminated and explored the motive for the out of court statements to the detective. On redirect examination, the court permitted Wilcox to testify to the statement in greater detail, over defense objections.

Initially, although *Crawford* was decided after this trial, it enunciated a "new rule" (*Griffith v Kentucky*, 479 US 314, 328 [1987]) and, as such, applies retroactively to this appeal (see *People v Hardy*, 4 NY3d 192, 197 [2005]; *People v Pacer*, 21 AD3d 192, 194 [2005]; *People v Ryan*, 17 AD3d 1, 3 n 1 [2005]). Under *Crawford*, the witness statement was "testimonial" in nature in that it was taken by police officers "in the course of interrogations" (*Crawford v Washington, supra* at 52; *see People v Ryan, supra* at 4; *cf. People v Bradley*, 22 AD3d 33, 36 [2005]; *People v Newland*, 6 AD3d 330, 331 [2004], *lv denied* 3 NY3d

759 [2004]). Here, however, the Confrontation Clause was not implicated because, as County Court properly instructed the jury, the statement was not admitted for its truth (i.e., that defendant and Craft were the shooters) but, rather, for the limited purpose of explaining the detective's actions and the sequence of events during the lengthy investigation leading to defendant's arrest (*see People v Reynoso*, 2 NY3d 820, 821 [2004]; *People v Ewell*, 12 AD3d 616, 617 [2004], *lv denied* 4 NY3d 763 [2005]; *People v Ruis [Rodriguez]*, 11 AD3d 714, 714 [2004], *lvs denied* 4 NY3d 747, 748 [2004]; *People v Nunez*, 7 AD3d 298, 299-300 [2004], *lv denied* 3 NY3d 679 [2004]; *see also Crawford v Washington, supra* at 59 n 9).

Having found defendant's *Crawford* challenge lacking in merit, we are also unpersuaded by defendant's further arguments that the probative value of this testimony was outweighed by its potential prejudice (*see United States v Reyes*, 18 F3d 65, 70 [2d Cir 1994]; *see also United States v Forrester*, 60 F3d 52, 59-60 [2d Cir 1995]). In this case, the statements were relevant to central issues disputed at trial and did not suggest that the declarant observed any of the charged crimes or that defendant made an admission. Moreover, any error in the admission of this testimony was harmless (*see People v Crimmins*, 36 NY2d 230, 242 [1975]).

Next, although we must disapprove of some of the prosecutor's remarks during summation (*see People v Elliott*, 294 AD2d 870, 870-871 [2002], *lv denied* 98 NY2d 696 [2002]), we are unpersuaded by defendant's contention that they were pervasive or deprived him of a fair trial (*see People v McCombs*, 18 AD3d 888, 890 [2005]; *People v Robinson*, 16 AD3d 768, 770 [2005]), *lv denied* 4 NY3d 856 [2005]). Specifically, the practice of calling defendant a disparaging name and personally challenging the "guts" of defense counsel have no place in a criminal trial.

Finally, consecutive sentences were authorized for defendant's discrete acts of shooting Chambers, causing her death, and firing shots at Morton, attempting to cause his death (*see* Penal Law § 70.25; *People v Garcia [Estrada]*, 303 AD2d 600, 600 [2003], *lvs denied* 100 NY2d 580, 581 [2003]).

Cardona, P.J., Peters, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.