■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDY SAENZ, Appellant. [811 NYS2d 395]—

Judgment, Supreme Court, Bronx County (Peter J. Benitez, J.), rendered March 21, 2003, convicting defendant, after a jury trial, of gang assault in the second degree, and sentencing him to a term of four years, unanimously affirmed.

The verdict was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility, including its evaluation of alleged inconsistencies in the victim's testimony (*see People v Gaimari*, 176 NY 84, 94 [1903]).

The admission of a nontestifying codefendant's plea allocution violated *Crawford v Washington* (541 US 36 [2004]). However, the error was harmless beyond a reasonable doubt. The plea allocution, which was accompanied by careful limiting instructions that the jury presumably followed, did not implicate defendant and did not strengthen the People's case as to the principal issue, which was defendant's identity; it simply provided some evidence that there were multiple participants in the crime, an element of several of the charges. There is no reasonable possibility that this evidence affected the verdict (*see People v Hopkins*, 13 AD3d 303 [2004], *lv denied* 4 NY3d 853 [2005]).

The court properly denied defendant's request for a justification charge. Defendant asserted that in the event the jury concluded he was a participant in the attack on the victim, there was a reasonable view that he only did so to protect his brother. Although, as the court recognized, defendant was entitled to assert inconsistent defenses, there was no evidentiary basis for a justification charge. There was no reasonable view of the evidence, viewed most favorably to defendant, that would support a finding that, at the time he took part in attacking the unarmed victim with a broken beer bottle, defendant reasonably believed that the victim was part of a group that allegedly attacked defendant's brother, or, in any event, that anyone in the group was using or was about to use deadly physical force (*see People v Watts*, 57 NY2d 299, 301-302 [1982]).

The court properly denied defendant's motion to suppress identification testimony. Although the victim did not speak English and was assisted by an unidentified woman at the scene in

communicating with the police, he spontaneously identified defendant and the codefendants as his attackers through gestures, and his claim that the unidentified woman influenced the victim's identification is speculative (*see People v George*, 4 AD3d 142 [2004], *lv denied* 2 NY3d 799 [2004]; *see also People v Delances*, 262 AD2d 249 [1999], *lv denied* 93 NY2d 1044 [1999]). We have considered and rejected defendant's remaining suppression arguments. Concur—Andrias, J.P., Sullivan, Williams, Gonzalez and Catterson, JJ.