■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANTO ROJAS, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS CANEMO, Appellant. [790 NYS2d 431]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered March 10, 2003, convicting defendant Rojas, after a jury trial, of criminal sale of a controlled substance in the second degree, and sentencing him to a term of three years to life, and judgment, same court and Justice, rendered March 3, 2003, convicting defendant Canemo of criminal sale of a controlled substance in the second degree, and sentencing him, as a second felony offender, to a term of six years to life, unanimously affirmed.

Defendants were not entitled to be present at a sidebar discussion of the admissibility of expert testimony regarding street-level drug operations, since the issues discussed were strictly issues of law (*see People v Fabricio*, 3 NY3d 402 [2004]; *People v Horne*, 97 NY2d 404, 416 [2002]; *People v Rodriguez*, 85 NY2d 586, 591 [1995]). While these legal questions required reference to the prosecution's factual allegations, this did not transform the colloquy into a fact-finding procedure. Furthermore, there was nothing that defendants could have contributed by their personal presence.

Following this discussion, the court properly exercised its discretion in permitting the observing officer to give expert testimony concerning the roles of participants in street-level drug sales (*see People v Smith*, 2 NY3d 8 [2004]; *People v Brown*, 97 NY2d 500, 506-507 [2002]). The court also properly permitted the officer to provide brief and limited testimony as to his own method of observing drug sales. This testimony was an appropriate part of the officer's testimony as a fact witness.

The court properly exercised its discretion in discharging a sworn juror. The court conducted a suitable inquiry, and the record supports the conclusion that the juror improperly discussed the case, lied to the court about these discussions, and evinced a bias against the prosecution by the comments he made (*see* CPL 270.35; *People v Rodriguez*, 71 NY2d 214, 219 [1988]; *People v Buford*, 69 NY2d 290, 298-299 [1987]). There is no basis for disturbing the credibility determinations made by the court in this regard. The court properly rejected the juror's assertions as to his continued fitness to serve.

Defendants did not preserve a constitutional objection to the admission of the plea allocutions of the two purchasers of the drugs in this observation sale case. Even if the claim were preserved and the allocations improperly admitted (*see Crawford v Washington*, 541 US 36 [2004]), we would find that the error was harmless beyond a reasonable doubt (*see People v Crimmins*, 36 NY2d 230, 237-238 [1975]). The plea allocutions added little or nothing to the already overwhelming evidence against both defendants, and there is no reasonable possibility that the error affected the verdict.

Defendant Canemo's challenges to the sufficiency and weight of the evidence are without merit. As previously noted, the evidence against him was overwhelming. The officer had an extended opportunity to observe defendants at close range from a ground-level observation post, personally participated in the prompt arrest, and provided highly reliable identification testimony. Concur—Tom, J.P., Andrias, Friedman, Sullivan and Nardelli, JJ.