■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CEASAR BONES, Appellant. [793 NYS2d 545]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hollie, J.), rendered May 19, 2003, convicting him of rape in the first degree, sexual abuse in the first degree (two counts), and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At trial, the People offered into evidence a report containing the results of DNA testing conducted on samples taken from both the complainant and the defendant. This DNA report was offered through the testimony of Deborah Briones, an expert in forensic biology employed by the Medical Examiner's Office of the City of New York. She supervised other public employees who conducted the tests performed upon the sample taken from the defendant. She did not engage in any of the actual testing procedures. The tests conducted upon the sample taken from the victim were performed by technicians employed by an independent private laboratory, who were not directly supervised by Ms. Briones.

Contrary to the defendant's contention, that portion of the DNA report which was based upon the testing supervised by Ms. Briones was properly admitted under the business records exception to the hearsay rule (see CPLR 4518 [a]; People v Antongiorgi, 242 AD2d 578 [1997]). With respect to that portion of the DNA report which was based on testing of the rape kit undertaken by the private independent laboratory, the defendant invited its admission as a business record but objected to Ms. Briones' "talking about the testing of [the] rape kit" without her own "personal knowledge of performing the test." The court then admitted the report, and the defendant did not object on the ground that it was not a business record (cf. People v Rogers, 8 AD3d 888, 891 [2004]). Under these circumstances, the defendant has conceded the status of this DNA report as a business record on which Ms. Briones, as a qualified expert, could base her opinion that it matched his DNA profile.

Furthermore, having failed to object with any specificity that the admission of the DNA report violated his Sixth Amendment right to confront witnesses against him (see Crawford v Washington, 541 US 36 [2004]), the defendant failed to preserve this issue for appellate review (see People v Mack, 14 AD3d 517 [2005]; People v Moreno, 303 AD2d 424 [2003]).

The defendant's motion to dismiss the indictment against him as barred by the statute of limitations (*see* CPL 30.10 [2] [b]) was properly denied. The motion was not timely made (*see* CPL 255.10 [1] [a]; 255.20 [1]), and the trial court providently declined to entertain it in the interest of justice (*see* CPL 255.20 [3]; *People v Anderson*, 201 AD2d 658, 659 [1994]; *People v Field*, 161 AD2d 660, 661 [1990]).

The defendant's remaining contention is without merit (*see People v Rosen*, 96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]; *People v Rivera*, 2 AD3d 543 [2003] [discretionary persistent felony offender]). Florio, J.P., Goldstein, Crane and Lifson, JJ., concur.