■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY ROYSTER, Appellant. [795 NYS2d 560]—

Judgment, Supreme Court, New York County (Dorothy A. Cropper, J.), rendered April 4, 2002, as amended April 24, 2002, convicting defendant, after a jury trial, of attempted assault in the first degree, criminal possession of a weapon in the second and third degrees and reckless endangerment in the first degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 16 years to life, unanimously affirmed.

The court properly refused to deliver a missing witness charge against the People with regard to the complainant, who did not testify. The People provided the court with information indicating that the complainant had resumed her past relationship with defendant, as evidenced by 59 visits to Rikers Island where defendant was being held pending trial, and that she would not cooperate with the prosecution. "The circumstances . . . establish that the victim was, if anything, favorable to or under the

influence of [defendant] and hostile to the [People], rather than the other way around. By the time of trial, the victim had, at the very least, ceased to be in a pragmatic sense unavailable to [defendant]" (*People v Hernandez*, 256 AD2d 18, 19 [1998], *lv denied* 93 NY2d 874 [1999] [internal quotation marks and citations omitted]). Moreover, defendant was permitted to comment in summation on the complainant's absence.

The court properly admitted the complainant's 911 call, urgently seeking assistance immediately after being fired upon, as an excited utterance. Defendant did not preserve his claim that admission of this evidence violated his right of confrontation (*see People v Kello*, 96 NY2d 740, 743-744 [2001]; *compare People v Hardy*, 4 NY3d 192, 197 n 3 [2005]) and we decline to review it in the interest of justice. Were we to review this claim, we would find that the particular 911 call was even farther from being "testimonial" under *Crawford v Washington* (541 US 36 [2004]) than the call described in *People v Coleman* (16 AD3d 254 [2005]). In the instant case, the 911 operator did not ask the caller anything except her location and whether she was injured. Concur—Friedman, J.P., Sullivan, Gonzalez, Sweeny and Catterson, JJ.