■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN CIOFFI, Appellant. [809 NYS2d 92]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered April 26, 2004, convicting him of falsifying business records in the first degree (nine counts) and conspiracy in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

The defendant allegedly conspired, together with others (*see People v White*, 24 AD3d 801 [2005] [decided herewith]; *People v F & S Auto Parts, Inc.*, 24 AD3d 795 [2005] [decided herewith]), to falsify various registers in order to facilitate the trafficking of stolen automobile parts. After a joint trial with the other alleged conspirators, the defendant was convicted of conspiracy in the fifth degree, as well as numerous counts of falsifying business records in the first degree.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

However, the plea allocutions of 15 codefendants were testimonial statements, not subject to cross-examination, the trial court erred in admitting the allocutions (*see Crawford v Washington*, 541 US 36 [2004]; *People v Douglas*, 4 NY3d 777, 779 [2005]; *People v Hardy*, 4 NY3d 192, 198 [2005]). The specific objection the defendant now raises—that admission of the allocutions violated his Sixth Amendment right to confront

witnesses against him—was not preserved for appellate review (*see People v Bones,* 17 AD3d 689 [2005]; *People v Rojas,* 15 AD3d 211, 212 [2005]). However, we reach this issue in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]).

In view of the prosecutor's repeated reference to the allocutions in summation and his acknowledgment that they were central to the People's case (*see People v White, supra*), the error cannot be considered harmless beyond a reasonable doubt (*see People v Hardy, supra* at 199; *People v Woods,* 9 AD3d 293, 295 [2004]). The evidence of the defendant's guilt was, moreover, not so overwhelming that there is no reasonable possibility that the error influenced the jury (*see People v Ryan,* 17 AD3d 1, 6 [2005]; *cf. People v Muhammad,* 17 AD3d 139 [2005], *lv denied* 5 NY3d 792 [2005]; *People v Rojas, supra* at 212; *People v Ruis,* 11 AD3d 714 [2004]).

In light of our determination, we need not reach the defendant's remaining contentions. Adams, J.P., Krausman, Spolzino and Fisher, JJ., concur.