THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v F & S AUTO PARTS, INC., JOHN FARACI and THOMAS LYNAGH, Appellants. [809 NYS2d 93]—

Appeals by (1) the defendant F & S Auto Parts, Inc., from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered April 21, 2004, convicting it of falsifying business records in the first degree (five counts) and conspiracy in the fifth degree, upon a jury verdict, and imposing sentence, (2) the defendant John Faraci from a judgment of the same court also rendered April 21, 2004, convicting him of falsifying business records in the first degree (five counts) and conspiracy in the fifth degree, upon a jury verdict, and imposing sentence, and (3) the defendant Thomas Lynagh from a judgment of the same

court also rendered April 21, 2004, convicting him of falsifying business records in the first degree (five counts) and conspiracy in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgments are reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

The defendant F & S Auto Parts, Inc., its president, the defendant John Faraci, and a salesperson, the defendant Thomas Lynagh, allegedly conspired, together with others (see *People v White,* 24 AD3d 801 [2005] [decided herewith], *and People v Cioffi,* 24 AD3d 793 [2005] [decided herewith]), to falsify various registers in order to facilitate the trafficking of stolen automobile parts. After a joint trial with the other alleged conspirators, the defendants were each convicted of conspiracy in the fifth degree, as well as numerous counts of falsifying business records in the first degree.

The defendants' challenges to the legal sufficiency of the evidence are unpreserved for appellate review (see CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (see *People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendants' guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdicts of guilt were not against the weight of the evidence (see CPL 470.15 [5]).

However, as the plea allocutions of 15 codefendants were testimonial statements not subject to cross-examination, the trial court erred in admitting the allocutions (see *Crawford v Washington,* 541 US 36 [2004]; *People v Douglas,* 4 NY3d 777, 779 [2005]; *People v Hardy,* 4 NY3d 192, 198 [2005]). The defendants did not preserve this issue for appellate review by specifically objecting that their Sixth Amendment right to confront witnesses against them was violated (see *People v Bones,* 17 AD3d 689 [2005], *lv denied* 5 NY3d 826 [2005]; *People v Rojas,* 15 AD3d 211, 212 [2005]). However, we reach this issue in the exercise of our interest of justice jurisdiction (see CPL 470.15 [6] [a]).

In light of, inter alia, the prosecutor's reliance upon the plea allocutions in summation and his concession that they were essential to the People's case (see *People v White, supra*), the error cannot be considered harmless beyond a reasonable doubt (see *People v Hardy, supra* at 199; *People v Woods,* 9 AD3d 293, 295 [2004]). Moreover, the evidence of the defendants' guilt was not so overwhelming that there is no reasonable possibility that the error influenced the jury (see *People v Ryan,* 17 AD3d 1, 6

[2005]; *cf. People v Muhammad,* 17 AD3d 139 [2005], *lv denied* 5 NY3d 792 [2005]; *People v Rojas, supra* at 212; *People v Ruis,* 11 AD3d 714 [2004]).

In light of our determination, we need not reach the defendants' remaining contentions. Adams, J.P., Krausman, Spolzino and Fisher, JJ., concur.