THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WHITE, A & G AUTO DISMANTLING, INC., GEORGE KIRSCHBAUM and A-BEST USED AUTO PARTS, INC., Appellants. [809 NYS2d 90]—

Appeals by (1) the defendant Anthony White from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered April 21, 2004, convicting him of falsifying business records in the first degree (eight counts) and conspiracy in the fifth degree, upon a jury verdict, and imposing sentence, (2) the defendant A & G Auto Dismantling, Inc., from a judgment of the same court also rendered April 21, 2004, convicting it of falsifying business records in the first degree (eight counts) and conspiracy in the fifth degree, upon a jury verdict, and imposing sentence, (3) the defendant George Kirschbaum from a judgment of the same court also rendered April 21, 2004, convicting him of falsifying business records in the first degree (five counts) and conspiracy in the fifth degree, upon a jury verdict, and imposing sentence, and (4) the defendant A-Best Used Auto Parts, Inc., from a judgment of the same court also rendered April 21, 2004, convicting it of falsifying business records in the first degree (five counts) and conspiracy in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgments are reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

The defendant A & G Auto Dismantling, Inc., its president, the defendant Anthony White, the defendant A-Best Auto Parts, Inc., and its owner, the defendant George Kirschbaum, allegedly conspired, together with others (*see People v Cioffi*, 24 AD3d 793 [2005] [decided herewith]; *People v F & S Auto Parts, Inc.*, 24 AD3d 795 [2005]

[decided herewith]), to falsify various registers in order to facilitate the trafficking of stolen automobile parts. After a joint trial with the other alleged conspirators, the defendants were each convicted of conspiracy in the fifth degree, as well as numerous counts of falsifying business records in the first degree.

The defendants' challenges to the legal sufficiency of the evidence are unpreserved for appellate review (see CPL 470.05 [2]; People v Gray, 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendants' guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdicts of guilt were not against the weight of the evidence (see CPL 470.15 [5]).

However, as the plea allocutions of 15 codefendants were testimonial statements not subject to cross-examination, the trial court erred in admitting the allocutions (see Crawford v Washington, 541 US 36 [2004]; People v Douglas, 4 NY3d 777, 779 [2005]; People v Hardy, 4 NY3d 192, 198 [2005]). The defendants failed to preserve this issue for appellate review by specifically objecting that the admission of the plea allocutions violated their Sixth Amendment right to confront witnesses against them (see People v Bones, 17 AD3d 689 [2005], lv denied 5 NY3d 826 [2005]; People v Rojas, 15 AD3d 211, 212 [2005]). However, we reach this issue in the exercise of our interest of justice jurisdiction (see CPL 470.15 [6] [a]).

The People's contention that the admission of the plea allocutions constituted harmless error is meritless. In opposing the defendants' motion in limine to preclude admission of the pleas, the prosecutor characterized the allocutions, inter alia, as "essential," "the most compelling evidence of the existence of a conspiracy," and "the core to the case." Moreover, the allocutions were referred to extensively during the prosecutor's summation and thus, the error cannot be considered harmless beyond a reasonable doubt (see People v Hardy, supra at 199; People v Woods, 9 AD3d 293, 295 [2004]). The evidence of the defendants' guilt was not so overwhelming that there is no reasonable possibility that the error influenced the jury (see People v Ryan, 17 AD3d 1, 6 [2005]; cf. People v Muhammad, 17 AD3d 139 [2005], lv denied 5 NY3d 792 [2005]; People v Rojas, supra at 212; People v Hopkins, 13 AD3d 303 [2004]; People v McBee, 8 AD3d 500 [2004]).

In light of our determination, we need not reach the defen-

dants' remaining contentions. Adams, J.P., Krausman, Spolzino and Fisher, JJ., concur.