THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK BAYLOR, Appellant. [806 NYS2d 422]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered November 12, 2003, convicting him of rape in the first degree (two counts), sodomy in the first degree, sexual abuse in the first degree (two counts), robbery in the third degree, and unlawful imprisonment in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At trial, the People offered into evidence reports containing the results of DNA testing performed on samples collected from the complainants and the defendant. The DNA reports were offered through the testimony of an expert in forensic biology employed by the Medical Examiner's Office of the City of New York. The expert supervised other public employees who conducted the tests performed upon the samples, but he did not engage in all of the actual testing procedures.

The defendant's contention, inter alia, that the admission of the DNA evidence violated his Federal and State constitutional right to confront witnesses against him (*see Crawford v Washington*, 541 US 36 [2004]), is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10 [1995]; *People v Bones*, 17 AD3d 689 [2005], *lv denied* 5 NY3d 826 [2005]; *People v Mack*, 14 AD3d 517 [2005]). In any event, contrary to the defendant's contention, the DNA reports were properly admitted under the business records exception to the hearsay rule (*see* CPLR 4518 [a]; *People v Bones, supra; People v Antongiorgi*, 242 AD2d 578 [1997]). H. Miller, J.P., Adams, Luciano and Rivera, JJ., concur.