■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN NIEVES-ANDINO, Appellant. [815 NYS2d 577]—

Judgment, Supreme Court, Bronx County (Albert Lorenzo, J., on motion; Joseph Fisch, J., at jury trial and sentence), rendered May 19, 2004, convicting defendant of murder in the second degree, and sentencing him to a term of 22 years to life, unanimously modified, on the law, to the extent of vacating the DNA databank fee, and otherwise affirmed.

Defendant's right of confrontation was not violated when the court admitted, as an excited utterance, the murder victim's declaration to the first officer on the scene that he had an argument with defendant (whom he identified by his nickname) and that defendant shot him three times. Whether a particular excited utterance is "testimonial" under *Crawford v Washington* (541 US 36 [2004]) depends upon the circumstances, with the "particular nature of any police inquiry" being a critical factor (*People v Diaz*, 21 AD3d 58, 66 [2005], *lv granted* 5 NY3d 852 [2005]). Here, aside from asking the victim some pedigree questions, the officer simply asked "What happened." Accordingly, the victim's response was not testimonial under the interpretation of *Crawford* that this Court has repeatedly expressed (*see e.g. People v Paul*, 25 AD3d 165 [2005], *lv denied* 6 NY3d 752 [2005]; *People v Bradley*, 22 AD3d 33 [2005], *lv granted* 6 NY3d 752 [2005]; *People v Diaz, supra*), and that we see no reason to revisit.

The court properly granted the People's reverse-*Batson* application (*Batson v Kentucky*, 476 US 79 [1986]; *People v Kern*, 75 NY2d 638 [1990], *cert denied* 498 US 824 [1990]). The record supports the court's finding of pretext with regard to the prospective juror at issue and this finding is entitled to great deference (*see People v Hernandez*, 75 NY2d 350 [1990], *affd* 500 US 352 [1991]). Although defense counsel claimed that his race-neutral reasons were the panelist's potential scheduling conflicts and his connections to law enforcement personnel, the record establishes that defense counsel conceded that the juror confirmed his availability to sit as a juror, as well as that defense counsel did not challenge other jurors with similar law enforcement connections.

Defendant's argument concerning the motion court's summary denial of his suppression motion is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would reject it.

The ineffective assistance of counsel claim raised in defen-

dant's pro se supplemental brief is unreviewable on direct appeal because it rests primarily on factual assertions outside the record. On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

As the People concede, since the crime was committed prior to the effective date of the legislation (Penal Law § 60.35 [1] [a] [v] [former (1) (e)]) providing for the imposition of a DNA databank fee, that fee should not have been imposed. Concur—Andrias, J.P., Friedman, Sullivan, Nardelli and Malone, JJ.