OPINION OF THE COURT
John M. Hunt, J.
In these juvenile delinquency proceedings in which the presentment agency alleges that the respondents, German E and Hector R., committed acts which would constitute the crimes of assault in the third degree and attempted assault in the third degree, the court must determine whether the admission of the out-of-court statement of the nontestifying victim violates respondents’ rights under the Sixth Amendment of the United States Constitution and article I, § 6 of the New York State Constitution.
A fact-finding hearing was commenced before this court on August 3, 2006 (see, Family Ct Act § 301.2 [6]). The presentment agency called New York City Police Officer William Gschlecht as a witness.[1] Officer Gschlecht testified that he was on uniformed foot patrol in the Corona neighborhood in Queens County in the early evening of February 14, 2006. At approximately 7:15 p.m. Gschlecht was inside of a store on Roosevelt Avenue when he was approached by a civilian and advised that “someone was getting stabbed” nearby on the street. Gschlecht left the store immediately and headed to the location of the incident, which was about 50 to 55 feet away from the store entrance. When he arrived at the location with his partner, Gschlecht observed a crowd of people standing in a circle on the sidewalk and street and he was unable to see what, if anything, was occurring inside. He then pushed his way through the crowd and observed four males, two of whom were subsequently identified as the respondents, German F. and Hector R. According to Officer Gschlecht, one of the males was grabbing the victim while the other two were standing nearby at an angle to the other male and they were all “screaming” at the victim. Once Gschlecht made “eye contact” with these three individuals they “stopped what they were doing” and they left the circle and began to walk quickly and then “trotted” up National Street. Officer Gschlecht gave chase after these three individuals and once he apprehended them they were placed “up against a *644 wall.” Gschlecht then placed a radio call to his partner to ascertain whether he was with the victim and sent another radio call for backup officers since the crowd on the street seemed to be “hostile” and there was shouting in a language the officer did not understand. Gschlecht headed back to the scene of the incident and the backup officers arrived and they took custody of the three individuals. Gschlecht then proceeded over to the victim who was prone on the sidewalk and he noticed a large amount of blood on the victim’s pants and socks along with a large cut of two to three inches on the victim’s lower leg. Gschlecht then asked the victim “how did that happen?” and the victim then pointed at the three individuals who included the respondents and he stated “ ‘they stabbed me, they fucking stabbed me!’ ” Respondents and their accomplice were then arrested and the victim was transported to a hospital.
Respondents objected at trial when the presentment agency sought to introduce the statement of the alleged victim through the testimony of Officer Gschlecht, claiming that the statement constitutes hearsay and its admission would violate their rights to confrontation given that the alleged victim has not testified and does not appear to be available to be called as a witness by the presentment agency. The court reserved decision on respondents’ evidentiary objection.
Both the United States and New York State constitutions provide that an accused has the right to confront adverse witnesses in a criminal trial (US Const 6th Amend; NY Const, art I, § 6).[2] While the state and federal constitutions establish the right to confront and to cross-examine adverse witnesses as core values of the criminal justice process (Pointer v Texas, 380 US 400, 405 [1965]; California v Green, 399 US 149, 157-158 [1970]; Ohio v Roberts, 448 US 56, 63 [1980]; Delaware v Fensterer, 474 US 15, 18-19 [1985]; Lee v Illinois, 476 US 530, 540 [1986]; Pennsylvania v Ritchie, 480 US 39, 51 [1987]; Coy v Iowa, 487 US 1012, 1015 [1988]; People v Hults, 76 NY2d 190, 199 [1990]; People v Hardy, 4 NY3d 192, 197 [2005]), both the Supreme Court and the Court of Appeals have repeatedly made clear that the right of confrontation is not absolute (Ohio v Roberts at 63- *645 66; see, Maryland v Craig, 497 US 836, 844, 846 [1990]; United States v Inadi, 475 US 387, 394 [1986]; People v Cintron, 75 NY2d 249, 259 [1990]). For example, prior to 2004, it had been generally accepted that the Confrontation Clause does not necessarily guarantee a defendant the right to actual face-to-face confrontation with all adverse witnesses nor does it guarantee the right to cross-examine the maker of every out-of-court statement where the statement of an unavailable witness fell “within a firmly rooted hearsay exception” or bore “particularized guarantees of trustworthiness,” or the in-court testimony of a vulnerable child witness was dispensed with as a matter of public policy (see, Ohio v Roberts at 66; Maryland v Craig, 497 US 836, 844, 846 [1990]; People v Cintron, 75 NY2d 249, 259 [1990]; State v Bobadilla, 709 NW2d 243, 248 [Minn Sup Ct 2006]; State v Blue, 717 NW2d 558, 561 [ND Sup Ct 2006]; United States v Cromer, 389 F3d 662, 671 [6th Cir 2004]).
In 2004 the Supreme Court held in Crawford v Washington (541 US 36, 53-54 [2004]), that the Sixth Amendment prohibits the “admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination” (see, Davis v Washington, 547 US —, —, 126 S Ct 2266, 2273 [2006]). The opinion in Crawford further stated that the admission of hearsay statements was not necessarily dependent on whether the testimony came within a recognized hearsay exception, as suggested by the holding in Ohio v Roberts (Crawford at 51-53; see also, California v Green at 155-156 [the Confrontation Clause does not merely codify the rules of hearsay and their exceptions]; People v Hardy at 197 [in Crawford the Court departed from its own former jurisprudence and rejected the test it established in Roberts]). Instead, the Court held that only hearsay that is “nontestimonial” in nature can be admitted without violating a defendant’s confrontation rights consistent with a literal reading of the Sixth Amendment. As explained by Justice Scalia, the Sixth Amendment bars the admission of testimonial statements from a nontestifying declarant even where that statement would come within a recognized hearsay exception. “[W]e do not think the Framers meant to leave the Sixth Amendment’s protection to the vagaries of the rules of evidence, much less to amorphous notions of reliability” (Crawford at 61). With respect to the rule enunciated in Ohio v Roberts, Justice Scalia stated that Roberts has “demonstrated [a] capacity to admit core testimonial statements that the *646 Confrontation Clause plainly meant to exclude” because “[t]he Roberts test allows a jury to hear evidence, untested by the adversary process, based upon a mere judicial determination of reliability” and the rule “thus replaces the constitutionally prescribed method of assessing reliability with a wholly foreign one” (id. at 62; see also, Maryland v Craig at 862 [Scalia, J., dissenting] [the Confrontation Clause does not guarantee reliable evidence, it guarantees specific trial procedures which include face-to-face confrontation]; State v Mechling, 219 W Va 366, —, 633 SE2d 311, 317 [Sup Ct 2006] [Confrontation Clause is a rule of procedure not a rule of evidence]).
While the Court left open the question of what types of hearsay qualify as admissible “nontestimonial hearsay” for future determination (Crawford at 68), New York courts adhered to Crawford and found that various types of hearsay were “testimonial” in nature and thus inadmissible where the declarant was unavailable at trial. For example, references to the plea allocution of a nontestifying codefendant at a subsequent trial were found to be testimonial and thus inadmissible hearsay under Crawford (People v Hardy at 198; People v Douglas, 4 NY3d 777, 778-779 [2005]; People v F&S Auto Parts, Inc., 24 AD3d 795, 796 [2005]; People v White, 24 AD3d 801, 802 [2005]), and eyewitness statements made to police officers in the course of interrogations a day after the crimes for which defendant was later indicted were also found to be testimonial and thus inadmissible under Crawford (People v Davis, 23 AD3d 833, 835 [2005], lv denied 6 NY3d 811 [2006]).
The Supreme Court has recently revisited the holding in Crawford and further explained its meaning in its decision in Davis v Washington (547 US —, 126 S Ct 2266 [2006]). In Davis a 911 emergency operator entertained an emergency 911 telephone call from the victim and was advised that the victim was involved in a domestic dispute with the defendant who had been beating her. At defendant’s trial the court admitted the recording of the nontestifying victim’s conversation with the 911 operator and defendant appealed claiming violation of the Sixth Amendment. The Supreme Court reiterated that the Confrontation Clause of the Sixth Amendment barred the admission of the testimonial statements of a nontestifying declarant unless the declarant was unavailable and defendant had a prior opportunity to cross-examine him or her (547 US at —, 126 S Ct at 2273). The Court then proceeded to address the question expressly left unanswered by Crawford and further *647 stated that a declarant is a witness within the meaning of the Confrontation Clause only where the witness’s out-of-court statement was “testimonial” (id.). The Court stated that
“Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution” (547 US at —, 126 S Ct at 2273-2274).
Thus, given the circumstances of the interrogation of the victim in Davis by the police 911 operator, the Court found that the statements were elicited to meet a present emergency and they were therefore nontestimonial and admissible under Crawford.
Applying the holdings of Crawford and Davis to the facts thus far elicited at the fact-finding hearing, and evaluating the context and circumstances in which the statements at issue were made (State v Blue at 563), it is clear that the victim’s statement was made to Police Officer Gschlecht in response to the officer’s questions. However, Gschlecht’s questions to the victim occurred on the street where the victim was lying prone on the sidewalk moments after the officer had observed the victim essentially surrounded by the respondents and two others and there was also a larger “hostile” crowd encircling the victim and the three apparent perpetrators. Additionally, once Gschlecht observed blood on the victim’s pants and socks as well as a large cut on the victim’s lower leg, the officer’s questions were clearly intended to deal with an ongoing emergency in a volatile atmosphere. Therefore, the victim’s statements made in response to the police officer’s questions are “nontestimonial” under both Crawford and Davis because the purpose of the officer’s interrogation was to enable him to assist the victim in an emergency situation rather than to “establish or prove past events potentially relevant to later criminal prosecution” (Davis, 547 US at —, 126 S Ct at 2273-2274; see, People v Newland, 6 AD3d 330, 331 [2004], lv denied 3 NY3d 679 [2004]; People v Coleman, 16 AD3d 254, 255 [2005], lv denied 5 NY3d 805 [2005]; People v Royster, 18 AD3d 375, 376 [2005], lv denied 5 NY3d 794 [2005]; People v Diaz, 21 AD3d 58, 67 [2005], lv granted 5 NY3d 852 [2005]; People v Marino, 21 AD3d 430, 431 *648 [2005], lv denied 5 NY3d 883 [2005], cert denied 548 US —, 126 S Ct 2930 [2006]; People v Bradley, 22 AD3d 33, 42-43 [2005], lv granted 6 NY3d 752 [2005]; People v Paul, 25 AD3d 165, 169-170 [2005], lv denied 6 NY3d 757 [2005]; People v Bryant, 27 AD3d 1124, 1126 [2006], lv denied 7 NY3d 753 [2006]; People v Nieves-Andino, 30 AD3d 1137 [2006]).
Prior to the Crawford decision, the victim’s statements to Officer Gschlecht’s questions would more than likely have been routinely admitted under the excited utterance exception to the hearsay rule, without any analysis of whether the statements were “testimonial” in nature.[3] While Crawford and Davis bar the admission of testimonial statements whether or not the statements come within a recognized hearsay exception, a statement that fits within a recognized exception to the hearsay rule is still admissible in the absence of the declarant so long as the statement is “nontestimonial.” As explained by the Court, “[w]here nontestimonial hearsay is at issue, it is wholly consistent with the Framers’ design to afford the States flexibility in their development of hearsay law” (Crawford at 68), and because “[i]t is the testimonial character of the statement that separates it from other hearsay that, while subject to traditional limitations upon hearsay evidence, it is not subject to the Confrontation Clause” (Davis, 547 US at —, 126 S Ct at 2273). Thus, New York courts have continued to admit excited utterances into evidence subsequent to the decision in Crawford as an exception to the state’s hearsay rule regardless of whether there is a showing that the victim is unavailable (see, Crawford at 60; Davis, 547 US at — n 4, 126 S Ct at 2275 n 4; People v Royster at 376; People v Marino at 431; People v Bradley at 42-43; People v Nieves-Andino, 30 AD3d at 1137), and there is no basis to depart from settled precedent in these proceedings.
Accordingly, respondents’ objection to the admission of the victim’s out-of-court statements to Officer Gschlecht on the ground that it violates the rule set forth in Crawford and Davis is overruled. The victim’s statement is admissible as an excited utterance under New York law.
[Portions of opinion omitted for purposes of publication.]

. Officer Gschlecht signed the supporting deposition appended to the verified petition. There is no deposition from the alleged victim appended to the petition (see, Family Ct Act § 311.2 [2]; Matter of Jahron S., 79 NY2d 632, 639 [1992]).

. The Sixth Amendment to the United States Constitution provides, in pertinent part, that “[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him.” Article I, § 6 of the New York Constitution provides, in pertinent part, that “[i]n any trial in any court whatever the party accused shall be allowed to appear and defend in person and ... be confronted with the witnesses against him or her.”

. An excited utterance is a statement made under the stress of an external event rather than the product of studied reflection (People v Brown, 70 NY2d 513, 519-520 [1987]; People v Norton, 79 NY2d 808, 809 [1991]; People v Vasquez, 88 NY2d 561, 579 [1996]; White v Illinois, 502 US 346, 355-356 [1992]).