■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN SPROSTA, Appellant. [853 NYS2d 625]—

At trial, the People offered into evidence the case files from the Office of the Chief Medical Examiner of New York City (hereinafter OCME) which contained the results of DNA testing of samples taken from the victim and the defendant. The files contained reports from an independent laboratory which, under contract with OCME, had performed the tests on the samples taken from the victim. An analyst employed by OCME developed the male and female DNA profiles from the raw data provided by the independent laboratory and entered the male profile into a national database, resulting in a match with the defendant's DNA on file in the database. Additionally, the same OCME analyst conducted the testing on a blood sample taken from the defendant after his arrest.

The People offered the OCME files and a chart containing a summary of the analysis in those files through the testimony of

an expert in forensic biology employed by OCME, who had not personally performed the DNA testing or analysis but had supervised the OCME analyst. The People did not call any witnesses from the independent laboratory which had provided the raw data from tests on the victim's samples. Defense counsel expressly stated on the record that he had no objection to this evidence. Further, defense counsel cross-examined the OCME expert regarding the fact that she had not personally performed any of the tests and subsequently argued in summation that the jury should reject the expert's opinion because it was based upon tests performed by a different agency.

For the first time on appeal, the defendant contends that the DNA evidence was inadmissible hearsay not within the exception for business records (*see* CPLR 4518 [a]) and that his constitutional right to confront witnesses against him was denied when the prosecution failed to call a witness from the independent laboratory and the OCME analyst who had performed the DNA profiling (*see People v Baylor*, 25 AD3d 562 [2006]; *cf. Crawford v Washington*, 541 US 36 [2004]; *People v Rawlins*, 10 NY3d 136 [2008]). In light of the defendant's failure to register any objection to this evidence, his contentions are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Baylor*, 25 AD3d 562 [2006]; *People v Antongiorgi*, 242 AD2d 578 [1997]). Moreover, the record establishes that defense counsel's express denial of any objection was part of an intentional defense strategy to comment upon the alleged unreliability of the expert's testimony. Under the circumstances, review of the defendant's unpreserved claims in the interest of justice is inappropriate (*see People v Bones*, 17 AD3d 689, 690 [2005]; *People v Rodriguez*, 4 AD3d 300, 301 [2004]; *cf. People v Tarsia*, 50 NY2d 1, 9 [1980]).

The defendant's contention that he was denied the effective assistance of trial counsel is without merit. To prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate that his attorney failed to provide meaningful representation and the absence of strategic or other legitimate explanations for his counsel's allegedly deficient conduct (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Montana*, 71 NY2d 705, 708 [1988]). The record before us reveals strategic or legitimate explanations for the alleged instances of ineffective assistance.

The defendant's contention that he was unduly prejudiced by testimony that his DNA profile was in a database containing forensic samples "from different crimes throughout the country" is unpreserved for appellate review and, in any event, is without merit.

The defendant's remaining contention is without merit. Fisher, J.P., Dillon, McCarthy and Belen, JJ., concur.