■ In the Matter of ASHANTI A., Appellant. [898 NYS2d 198]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Lubow, J.), dated May 21, 2009, which, upon a fact-finding order of the same court dated January 12, 2009, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree, adjudged him to be a juvenile delinquent, and placed him under the supervision of the New York City Department of Probation in the County of Queens for a period of one year. The appeal from the order of disposition brings up for review the fact-finding order dated January 12, 2009.

Ordered that the order of disposition is affirmed, without costs or disbursements.

"[A] court is presumed in a nonjury trial, as here, to have considered only competent evidence in reaching its verdict" (*People v Kozlow*, 46 AD3d 913, 915 [2007]; *see People v Sims*, 127 AD2d 805, 806 [1987]). "Indeed, '[a] Judge is deemed uniquely capable of distinguishing those issues properly presented to him [or her] from those not' so as to warrant this presumption" (*People v Kozlow*, 46 AD3d at 915, quoting *People v Reyes*, 116 AD2d 602, 603 [1986]; *see also People v Harris*, 133 AD2d 649, 650-651 [1987]). The presentment agency correctly conceded to the Family Court that it had improperly introduced testimony regarding a nontestifying accomplice's plea allocution in violation of the appellant's Sixth Amendment right to confrontation, and withdrew that evidence (*see Crawford v Washington*, 541 US 36 [2004]; *People v Hardy*, 4 NY3d 192, 198 [2005]; *People v Cioffi*, 24 AD3d 793, 794 [2005]). Thus, the Family Court is deemed to not have considered that evidence in making its findings of fact regarding the appellant, and no error was committed.

The appellant did not preserve for appellate review his contention that the presentment agency failed to adduce legally sufficient evidence to support the Family Court's findings of fact (*see People v Hawkins*, 11 NY3d 484, 492-493 [2008]; *People v Finger*, 95 NY2d 894, 895 [2000]; *Matter of Hector R.*, 248 AD2d

390 [1998]). In any event, viewing the evidence in the light most favorable to the presentment agency (*see* Family Ct Act § 342.2 [2]; *Matter of David H.*, 69 NY2d 792 [1987]; *People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to support the determinations made in the fact-finding order.

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*cf.* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (*cf. People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (*cf. People v Romero*, 7 NY3d 633 [2006]). Dillon, J.P., Santucci, Balkin and Sgroi, JJ., concur.