The People of the State of New York, Appellant,
against
Anthony Migliaccio, Respondent.




Queens County District Attorney (Robert J. Masters, Joseph N. Ferdenzi and Edward D. Saslaw of counsel), for appellant.
New York City Legal Aid Society (Jonathan Garelick of counsel), for respondent.

Appeal from orders of the Criminal Court of the City of New York, Queens County (Gia L. Morris, J.), dated July 19, 2017 and August 10, 2017, respectively. The order dated July 19, 2017 granted defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds. The order dated August 10, 2017, insofar as appealed from, upon, in effect, reargument, adhered to the determination in the order dated July 19, 2017.




ORDERED that so much of the appeal as is from the order dated July 19, 2017 is dismissed, as that order was superseded by the order dated August 10, 2017, made, in effect, upon reargument; and it is further,
ORDERED that the order dated August 10, 2017, insofar as appealed from, is reversed, on the law, the accusatory instrument is reinstated and the matter is remitted to the Criminal Court for a new determination of defendant's motion to dismiss the accusatory instrument on speedy trial grounds, in accordance with this decision and order.
Defendant was arraigned on June 7, 2016 on charges of assault in the third degree (Penal Law § 120.00) and harassment in the second degree (Penal Law § 240.20). The matter was [*2]adjourned to July 28th, and again to September 15, 2016, for the People to file and serve a necessary supporting deposition of the complainant. Off calendar, on August 5, 2016, the People filed the supporting deposition and a certificate of readiness. The People did not waver from that declaration of readiness during the adjourned periods contested herein. 
On the September 15, 2016 court date, the court ordered the People to serve defendant with a bill of particulars and discovery on the next court date, November 17, 2016. On November 17th, the People did not turn over the materials, and the court adjourned the matter to February 1, 2017 for that purpose, warning the People that time could be charged beginning November 23, 2016 until the bill of particulars and discovery were served.
On February 1, 2017, defense counsel stated on the record that the bill of particulars and discovery remained unserved. The People posited that they were not obligated to turn over those materials until defendant requested them in writing. Defense counsel also informed the court that the assigned assistant district attorney (ADA) "informed me [that the People] haven't been able to contact the complaining witness . . . ." Therefore, defense counsel continued, "the People's statement of readiness on [August 5th] would be illusory. They had not been able to contact the complaining witness. I don't see how they can be ready for trial on that date." The People did not respond to this second argument. The court set a motion schedule and adjourned the matter for decision.
Thereafter, defendant served and filed a motion to dismiss the information pursuant to section 30.30 of the Criminal Procedure Law, arguing that the prereadiness time it had taken the People to procure a supporting deposition to convert the accusatory instrument into an information (i.e., from June 7, 2016 to August 5, 2016), coupled with the time period from November 23, 2016 to February 1, 2017, during which the People had failed to provide the discovery or the bill of particulars, as ordered by the court, constituted 127 chargeable days, thus mandating dismissal. The People conceded the chargeability of the 59 days of prereadiness time but opposed the charging of any time thereafter, as they had maintained their readiness since the filing and service of the certificate of readiness on August 5, 2016. On June 5, 2017, the court ordered a hearing on "the only remaining issue[—]whether the People's filing of a statement of readiness . . . on August 5, 2016 was . . . illusory . . . as the assigned assistant district attorney had informed [defense] counsel at some time after that filing that they [sic] had never been in contact with the complainant . . . ."
On the hearing date, July 13, 2017, the People initially stated that they did not intend to call any witnesses, as the assigned ADA was on paternity leave. Moreover, the People posited, "under the case law we didn't need to call a witness." The court responded:
"You can't say you can be ready if you've never done anything to get the case ready for trial. The Defendant is charged with assault on a complainant, which means the only way you can proceed to trial is if you've spoken with the complainant."
The People requested an adjournment to call the assigned ADA as a witness. The court adjourned the case to July 19, 2017.
In the interim, on July 17, 2017, the People served and filed a supplemental response to address the issue, not contained in defendant's dismissal motion, of whether their August 5, 2016 certificate of readiness was illusory. The People argued that they were " 'not required to contact their witnesses on each and every adjourned date [or] to produce their witnesses instantaneously in order for a statement of readiness to be valid' " (quoting People v Dushain, 239 AD2d 151, 153 [1997]). The People also asserted that they "could have proceeded to trial without the testimony of the complainant witness [sic]" because "the arresting officer could have testified to his observations and discussions when he arrived on scene immediately after the incident occurred."
On July 19th, the court acknowledged receipt of the People's supplemental response. When the ADA informed the court that the People had nothing further to offer for the hearing, the court issued a written order deeming the People's August 5, 2016 certificate of readiness illusory and charging the time from August 5 to September 15, 2016, which, added to the prereadiness time, equaled approximately 100 total days of chargeable time. As a result, the court granted defendant's dismissal motion. 
On July 27, 2017, the People moved in writing for leave to reargue their opposition to defendant's motion. Although stating in its order, dated August 10, 2017, that it was denying the People's motion, the court, in effect, granted reargument, but adhered to its original determination, because, "[a]s was clearly set forth in the court's July 19, 2017 decision, the Court of Appeals decision[s]" in People v Sibblies (22 NY3d 1174 [2014]) and People v Brown (28 NY3d 392 [2016]) compelled the Criminal Court's order. The court noted that it had set two hearing dates, thus providing "two opportunities to produce evidence," but the People had "repeatedly refused to do so, and instead simply argued that their readiness could not be contested," which was "insufficient to rebut the allegation that the statement of readiness was illusory." The People appeal, contending that, upon reargument, defendant's motion should have been denied.
It is undisputed that where, as here, the top count charged in an information is a class A misdemeanor, the People must be "ready for trial within ninety days of the commencement of [the] criminal action" (CPL 30.30 [1] [b]). A defendant has the initial burden of asserting that the People's "30.30 clock" has expired. Thereupon, the burden switches to the People to demonstrate that certain periods within that time should be excluded pursuant to statutorily enumerated exemptions (see CPL 30.30 [4]; Brown, 28 NY3d at 403; People v Cantoni, 140 AD3d 782, 784 [2016]).
The court erred in deeming the August 5, 2016 certificate of readiness illusory and charging the People with the time from August 5 to September 15, 2016. In Brown (28 NY3d 392), the Court of Appeals made clear that "a statement of readiness is presumed valid, and a [*3]defendant who challenges such a statement must demonstrate that it is illusory by showing that the People were not actually ready at the time they filed it" (id. at 407). Here, the assertion in the court's order that "the assigned assistant district attorney informed defense counsel that he had never spoken to the complaining witness" (emphasis added) is based solely upon defense counsel's unsupported claim and is belied by the fact that the complainant dated, signed and returned a supporting deposition to the People. This required some degree of communication between them. 
Even assuming arguendo that the People had no contact with the complainant (beyond receiving from him the signed supporting deposition), this fact alone does not render the People's August 5, 2016 declaration of readiness illusory. As the court itself noted in its order, "it is possible that the People could have potentially proceeded to trial without that complaining witness." Indeed, there exists multiple instances of the People obtaining convictions after trial despite initially cooperative complainants later refusing to cooperate further or to testify (see e.g. People v Gnesin, 127 AD3d 652, 652-653 [2015] ["The certificate of readiness filed by the People was not illusory. The record supports the inference that even if the People might have preferred to call an uncooperative complainant as a witness, they were always prepared to proceed without her by relying on other evidence, as they ultimately did"] [citations omitted]; People v Royster, 18 AD3d 375 [2005]; People v Banks, 276 AD2d 294 [2000]; People v Cuffie, 163 AD2d 485 [1990]).
We note that the court never addressed the challenges to other time periods which defendant raised in his speedy trial motion. Accordingly, the order dated August 10, 2017, insofar as appealed from, is reversed, the accusatory instrument is reinstated and the matter is remitted to the Criminal Court for a new determination of defendant's motion to dismiss the accusatory instrument on speedy trial grounds.
ELLIOT, J.P., PESCE and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 26, 2019